CLERK'S OFFICE
U.S. DISTRICT COURT
AT ROANOKE, VA
FILED
December 26, 2024
LAURA A. AUSTIN, CLERK
BY: s/ M.Poff, Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Roanoke Division

| | |
|---|---|
| **110 FRANKLIN LLC, a Virginia limited liability company,** | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) C.A. No.: 7:24cv00905 ) |
| **POWERSCHOOL GROUP, LLC, a Delaware limited liability company,** | ) ) ) ) |
| SERVE: United Corporate Service, Inc.<br>Registered Agent<br>7705 Yolanda Road<br>Henrico, VA 23229-1952 | ) ) ) ) ) |
| Defendant. | ) ) |

# COMPLAINT

110 Franklin, LLC ("110 Franklin") brings this action against PowerSchool Group, LLC ("PowerSchool"), pursuant to a Lease Agreement dated September 2017, with an effective date of April 1, 2018, as amended by Lease Addenda dated December 22, 2022 and June 26, 2024 (the "110 Franklin Lease"), to recover damages for unpaid rent.

## Parties

1. 110 Franklin is a Virginia limited liability company with its primary place of business in the City of Roanoke, Virginia. 110 Franklin is a citizen of Virginia. 110 Franklin's members are not citizens of Delaware. 110 Franklin owns the 110 Franklin Building located at 110 Franklin Road, Roanoke, Virginia, 24011. 110 Franklin is the Landlord under the 110 Franklin Lease.

1

2.      PowerSchool is a Delaware limited liability company and maintains an office in Folsom, California. PowerSchool is the Tenant under the 110 Franklin Lease. PowerSchool can be served at: United Corporate Services, Inc., Registered Agent, 7705 Yolanda Road, Henrico, Virginia, 23229-1952. On information and belief, no member of PowerSchool is a citizen of Virginia.

## Jurisdiction and Venue

3.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 in that the matter in controversy is between citizens of different states and exceeds the sum of the value of $75,000 exclusive of interest and costs.

4.      Venue in this district is proper pursuant to 28 U.S.C. § 1391(b)(2) because substantial parts of the events giving rise to this action took place in this district.

5.      This Court may exercise personal jurisdiction over PowerSchool because this action arises from business transacted by PowerSchool in Roanoke, Virginia. PowerSchool entered into the 110 Franklin Lease with 110 Franklin relating to the lease of real property in Roanoke, Virginia. PowerSchool maintained a place of business in Roanoke during the years 2017-2024.

6.      Section 15.04 of the 110 Franklin Lease provides:

> This Agreement shall be constructed under, and in accordance with, the laws of the Commonwealth of Virginia, and all obligations of the parties created by this agreement are performable in the City of Roanoke, Commonwealth of Virginia. If any controversy arises between the parties, they hereby agree that the courts of competent jurisdiction shall be in the City of Roanoke, Commonwealth of Virginia.

## Facts

7.      110 Franklin owns the 110 Franklin Building located 110 Franklin Road in the City of Roanoke. The 110 Franklin Building is an eleven story, multitenant building.

**1. The 110 Franklin Lease.**

8. 110 Franklin and PowerSchool are parties to the 110 Franklin Lease. A copy of the 110 Franklin Lease is attached as **Exhibit 1** to this Complaint. The 110 Franklin Lease includes the following provisions:

a. 110 Franklin is the Landlord.

b. PowerSchool is the Tenant.

c. The "leased premises" are the second and third stories (Suites 200 and 300) of the 110 Franklin Building. *See* 110 Franklin Lease, Exhibit A.

d. The term of the 110 Franklin Lease is 83 calendar months from the Commencement Date. (April 1, 2018) (Section 1.01). The term of the lease expires February 28, 2025. The 110 Franklin Lease includes the option of PowerSchool to extend the term of the lease.

e. The Basic Rent was $78,162 per month during the lease term, subject to certain adjustments. Late payments of rent are subject to a late charge of 5% per month and bear interest at the rate equal to the lesser of 18% per annum or the highest rate allowed by law. (Section 2.01).

f. The 110 Franklin Lease provided for pre-occupancy work/alterations to be completed by Landlord. (Sections 3.07 and 15.12; Exhibits C and D). The pre-occupancy work and alterations were based on specifications provided by PowerSchool.

g. The Landlord furnishes certain services and maintenance to the leased premises. (Section 4.01).

3

    h. Except for the services and maintenance provided by the Landlord, the Tenant maintains the leased premises throughout the lease term. (Section 4.02).

    i. The 110 Franklin Lease includes provisions for the Tenant's default (Section 14.01) and Landlord remedies for default (Section 14.02).

    j. Section 14.01 lists events that are deemed to be events of default and a significant breach of the lease by the tenant.

    k. Section 14.01.04 lists the tenant's abandonment of the premises for a period of five or more days as an event of default and a significant breach of the lease.

    l. The courts of competent jurisdiction to consider controversies between the Landlord and the Tenant shall be in the City of Roanoke. (Section 15.04).

    m. The breaching or defaulting party, as determined by the courts of competent jurisdiction, agrees to pay the other party the reasonable attorneys fees and costs incurred to enforce the lease. (Section 15.09).

    n. The Landlord engaged a real estate broker and paid the broker a commission. (Section 15.10).

9. PowerSchool was a significant tenant of the 110 Franklin Building. 110 Franklin incurred substantial expenses to attract PowerSchool as a tenant prior to and after the execution of the 110 Franklin Lease. These expenses included:

    a. A seven month "Free Rent Period." (Section 2.01)

    b. Rent credits for the costs of the pre-occupancy improvements. (Section 15.12 and Exhibits C and D).

    c. Costs for renovation and alternations of the tenant space and common areas. (Section 15.12 and Exhibits C and D).

4

      d.    Brokerage services fees. (Section 15.10).

      e.    Parking costs. (Section 9.03).

      f.    Favorable rent.

### 2.    PowerSchool vacates the third floor.

10.    On June 1, 2022, PowerSchool contacted 110 Franklin by telephone and followed-up with an email. PowerSchool advised 110 Franklin that PowerSchool wanted to vacate the third floor (Suite 300) – if possible by June 30, 2022. PowerSchool advised 110 Franklin that, for PowerSchool's accounting and audit purposes, PowerSchool needed to demonstrate that measures were in place to prevent the use of the space for any purpose by the date PowerSchool vacated and the end of the lease. PowerSchool stated it would continue to pay its monthly lease obligations.

11.    Based on statements by PowerSchool, 110 Franklin understood that PowerSchool was required to surrender all rights with respect to the vacated third floor in order to take advantage of accounting rules relating to accounting for lease assets and related lease liabilities.

12.    On June 10, 2022, PowerSchool sent 110 Franklin a letter stating that PowerSchool would be vacating the third floor and that PowerSchool would continue to pay monthly rent due under the lease.

13.    PowerSchool vacated the third floor of the Franklin Building prior to June 30, 2022.

14.    As a result of PowerSchool's vacation of the third floor, there was an empty floor in the 110 Franklin Building.

15.    Between June 2022 and December 2022, 110 Franklin and PowerSchool exchanged communications about the effect of PowerSchool's vacation of the third floor on the 110 Franklin Lease and the rights of PowerSchool and 110 Franklin.

21158\0005\12306603v1

16.	110 Franklin and PowerSchool entered into the "Lease Addenda A," dated as of December 22, 2022 ("Lease Addenda A") stating the terms of PowerSchool's vacation of the third floor. Lease Addenda A includes a confidentiality provision. The terms of Lease Addenda A are not stated in this Complaint because of this confidentiality provision.

17.	PowerSchool filed its 2023 Annual Report Form, 10-K with the United States Securities and Exchange Commission. PowerSchool's 10-K Report states:

> In fiscal year 2022, the Company vacated several smaller office locations prior to their respective contractual lease termination date. As a result, $7.6 million of right-of-use assets associated with these properties were written-off.

(PowerSchool, 2023 Annual report, Note 12, Leases, p. 113).

18.	PowerSchool has adopted Accounting Standard Update No. 2016-02, Leases (Topic 842).

19.	PowerSchool also reported, in its Form 10-Q Report for the period ending June 30, 2024, that it had written-off certain right-of-use assets after vacating office locations.

**3.	PowerSchool vacates the second floor.**

20.	On April 12, 2024, PowerSchool contacted 110 Franklin about vacating the second floor of the 110 Franklin Building.

21.	Between April 2024 and June 2024, 110 Franklin and PowerSchool discussed the terms of PowerSchool's vacation of the second floor.

22.	On June 11, 2024, PowerSchool provided 110 Franklin with a letter of intent to vacate the second floor. The PowerSchool letter stated that PowerSchool would continue to pay monthly rent due under the lease through the expiration date.

23.	110 Franklin and PowerSchool entered into the "Lease Addendum B", dated as of June 26, 2024 ("Lease Addendum B"), stating the terms of PowerSchool's vacation of the second

floor. Lease Addendum B includes a confidentiality provision. The terms of Lease Addendum B are not stated in this Complaint because of this confidentiality provision.

24. PowerSchool vacated the second floor prior to June 30, 2024.

25. As a result of PowerSchool's vacation of the second floor, there were now two empty floors in the 110 Franklin Building.

26. Although not required to do so, 110 Franklin undertook and ultimately succeeded in its efforts to attract new tenants for the second and third floors. 110 Franklin was able to attract new tenants through its marketing efforts. 110 Franklin incurred substantial costs in attracting new tenants. These costs included the cost of tenant improvements needed to attract the new tenants, rent concessions, and brokerage service fees.

27. In negotiating the lease terms with the new tenants, and deciding to incur additional costs, 110 Franklin relied on and considered the obligation of PowerSchool to pay the rent due under the 110 Franklin Lease.

28. The terms of the leases for the new tenants include periods of "free rent". This free rent period for both leases runs through 2024. This free rent period concession was necessary to attract the new tenants. As a result of the free rent period in the both leases, 110 Franklin has received no rent in 2024 from the new tenants.

**4.    PowerSchool refuses to pay rent.**

29. During the period of October 2024 through February 2025, the monthly rent is $90,643.96 per month.

30. PowerSchool is also obligated to pay 110 Franklin the amount of $9,084.82 for July 2024.

7

31. PowerSchool made no comments nor inquiries about the vacated space on the third floor from June 30, 2022 through September 9, 2024.

32. By letter dated September 9, 2024, PowerSchool demanded that 110 Franklin provide "written assurance" that PowerSchool's obligation to pay rent automatically expired upon the signing up of a new tenant(s) for any portion of the vacated premises and that all remaining rent obligations were expired.

33. In response, in an email dated September 11, 2024, 110 Franklin advised PowerSchool that the parties had discussed the importance of PowerSchool needing to relinquish all rights in the premises in order for 110 Franklin to have any chance of releasing the space. Additionally, 110 Franklin restated the expectation that PowerSchool would not be able to write-off the lease without entirely relinquishing its rights to the premises.

34. 110 Franklin and PowerSchool continued discussions and email communications of these issues in September and October 2024, including emails from 110 Franklin to PowerSchool dated September 11, 2024, October 2, 2024, October 4, 2024, and October 17, 2024.

35. By letter dated October 1, 2024, PowerSchool notified 110 Franklin that PowerSchool would immediately stop paying rent.

36. In response, in an email dated October 2, 2024, 110 Franklin advised PowerSchool that 110 Franklin's position had not changed and stated the expectation that PowerSchool would pay rent through the end of the term consistent with the agreements that had been signed by all parties.

37. In an email dated October 2, 2024, 110 Franklin also sent PowerSchool a reminder notice of the rental payment due October 1, 2024. This notice also advised PowerSchool of the unpaid rent of $9,084.82 due from July 2024.

38.	110 Franklin further responded in emails dated October 3 and October 4, 2024.

39.	PowerSchool stopped paying rent under the 110 Franklin Lease in October 2024.

40.	110 Franklin advised PowerSchool of 110 Franklin's expectation that PowerSchool would continue to pay the rent due under the 110 Franklin Lease.

41.	On October 21, 2024, 110 Franklin sent PowerSchool a Notice of Default that PowerSchool had breached the 110 Franklin Lease by failing to pay rent.

42.	On October 31, 2024, PowerSchool sent a purported Notice of Default to 110 Franklin. In this Notice of Default document, PowerSchool inaccurately alleged that 110 Franklin had not responded to PowerSchool's communications dated September 9, 2024 and October 1, 2024. In fact, 110 Franklin had responded to both communications.

43.	In an email dated November 6, 2024, 110 Franklin advised PowerSchool that 110 Franklin received no rent in 2024 from the space vacated by PowerSchool. 110 Franklin advised PowerSchool of the landlord investment in the space to attract the new tenants. 110 Franklin also advised PowerSchool of the rent payments 110 Franklin expects to receive in January and February 2025.

44.	In an email dated November 6, 2024, 110 Franklin restated that a balance was still due on the rent charge from July 2024.

45.	In an email dated November 8, 2024, PowerSchool advised 110 Franklin that it would process the $9,000 rent variance from July 2024 the following week.

46.	PowerSchool has not paid the $9,084.82 unpaid rent from July 2024.

47.	Between November and December 2024, 110 Franklin and PowerSchool continued discussions of these issues. 110 Franklin and PowerSchool have not been able to resolve the issues.

9

48. In its September 9, 2024 letter, PowerSchool advised 110 Franklin of PowerSchool's position that all remaining rent obligations under the 110 Franklin Lease automatically expired.

49. In subsequent communications, PowerSchool has taken the position that its remaining rent obligations to 110 Franklin should be reduced by the amount of rent paid by the new tenants.

50. PowerSchool is not entitled to any benefit or reduction in amounts owed to 110 Franklin as a result of 110 Franklin's reletting the premises because PowerSchool gave up all rights to any benefit. PowerSchool has received and realized the full benefit of its bargain.

51. Even if PowerSchool had an interest in a potential offset from rent paid by the new tenants, after taking into account the costs of Landlord investments and expenditures by 110 Franklin to attract new tenants, rent concessions, brokerage services fees, and other expenses, PowerSchool is not entitled to any setoff or reduction in amount owed to 110 Franklin for rent.

52. 110 Franklin has advised PowerSchool of 110 Franklin's expectation that PowerSchool is responsible for the payment obligations in the 110 Franklin Lease.

53. PowerSchool has failed to pay the rent due under the 110 Franklin Lease for October, November, and December 2024.

54. PowerSchool's failure to pay the rent due is a breach of PowerSchool's payment obligations under the 110 Franklin Lease.

55. PowerSchool also failed to pay $9,084.82 in unpaid rent charges from July 2024.

56. PowerSchool owes 110 Franklin the following amounts:

    a. Unpaid rent; July 2024.      $ 9,084.82

    b. October 2024 rent.      $ 90,643.96

| | | |
|---|---|---:|
| c. | November 2024 rent. | $ 90,643.96 |
| d. | December 2024 rent. | $ 90,643.96 |
| e. | Accrued late charges and interest as of December 20, 2024. | $ 18,080.01 |
| f. | Total (as of December 20, 2024) | $299,096.71 |

57. The following rent payment obligations will be due in 2025:

| | | |
|---|---|---:|
| a. | January 2025. | $90,643.96. |
| b. | February 2025. | $90,643.96. |

58. 110 Franklin has performed all of its obligations as Landlord under the 110 Franklin Lease.

## Count I

59. 110 Franklin restates the allegations stated above as if fully set forth below.

60. By reasons of its actions as set forth above, PowerSchool breached its contractual obligations to 110 Franklin under the 110 Franklin Lease.

61. 110 Franklin has incurred and will incur damages as a result of PowerSchool's breach of contract.

## Prayer for Relief

WHEREFORE, the Plaintiff 110 Franklin, LLC demands judgment against Defendant PowerSchool Group, LLC as follows:

A. An award of damages caused by PowerSchool's actions in breach of the 110 Franklin Lease, including the following elements:

| | | |
|---|---|---:|
| 1. | Unpaid rent from July 2024 | $ 9,084.82 |
| 2. | Unpaid rent from October, November and December 2024 | $271,931.88 |

11

|   |   |   |
|---|---|---|
| 3. | Late charges and interests through December 20, 2024 | $ 18,080.01 |
| 4. | Rent due for January and February, 2025 | $181,287.92 |
| 5. | Future late charges and interest | To be determined |

    B.    Such other pre-judgment interest, post-judgment interest, expenses and costs as may be established at trial;

    C.    Award 110 Franklin its reasonable attorney fees, costs and expenses as provided for in Section 15.09 of the 110 Franklin Lease; and

    D.    Grant 110 Franklin such other and further relief as the court deems just and proper.

Dated: December 26, 2024　　　　　　　　　　　　　　Respectfully submitted:

　　　　　　　　　　　　　　　　　　　　　　　　　　*/s/ Gregory J. Haley*

William R. Rakes (VSB No. 03481)
Gregory J. Haley (VSB No. 23971)
GENTRY LOCKE
10 Franklin Road, SE
Suite 900
Roanoke, Virginia 24011
Phone: (540) 983-9300
Fax: (540) 983-9400
rakes@gentrylocke.com
haley@gentrylocke.com

*Counsel for Plaintiff*

21158\0005\12306603v1